UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.   CASE NO. 8:10-CR-89-T-17EAJ

DAVID HENRY WYSOCKI, II

_____/

ORDER

This cause is before the Court on:

Dkt. 47 Motion to Dismiss Count One (Venue)
Dkt. 49 Motion to Strike Defendant's Motion to Dismiss
    As Untimely Filed or in the Alternative Government's
    Response to Defendant's Motion to Dismiss Count One
    (Venue)

Defendant David Henry Wysocki, II moves to dismiss Count One of the Second Superseding Indictment because venue for the offense lies in the District of Maryland, not the Middle District of Florida. Defendant Wysocki has filed supporting documents attached to the Motion.

The Government responds that the victim's account establishes that the abuse continued while the aircraft was "in flight," and therefore venue is proper in Tampa, Florida. The Government has provided the "Offense Incident Report" of Airport Police Officer Jeremy Calvert. The Offense Incident Report states that a verbal altercation between Amanda Primrose and David Wysocki, II ensued "while en route to Tampa, Florida aboard Air Tran Airlines Flight #490."

Case No. 8:10-CR-89-T-17EAJ

The Government argues that, under 18 U.S.C. Sec. 3237, any offense committed in more than one district may be prosecuted in any district in which the offense was begun, continued, or completed. United States v. Breitweiser, 357 F.3d 1249 (11th Cir. 2004). 18 U.S.C. Sec. 3237(a) provides:

> Any offense involving the use of...transportation in interstate or foreign commerce...is a continuing offense and, except as otherwise expressly provided by enactment of Congress, may be inquired of and prosecuted in any district from, through, or into which such commerce...moves.

Title 49 U.S.C. Section 46506 does not contain its own venue provision. To establish venue, the Government must establish only that the crime took place on a form of transportation in interstate commerce. U.S. v. McCulley, 673 F.2d 346, 350 (11th Cir. 1982). In U.S. v. Breitweiser, supra, the Eleventh Circuit Court of Appeals relies on McCulley:

> In McCulley, this court explained, '3237' is a catchall provision designed to prevent a crime which has been committed in transit from escaping punishment for lack of venue. Its enactment was designed to eliminate the need to insert venue provisions in every statute where venue might be difficult to prove." 673 F.2d at 350.

The Government argues that there is ample evidence to show that the offenses occurred while the aircraft was "en route" to Tampa. The Air Tran flight on which Defendant Wysocki was a passenger landed in Tampa, and therefore venue is proper in the Middle District of Florida.

Case No. 8:10-CR-89-T-17EAJ

After consideration, the Court concludes that venue is proper in the Middle District of Florida, and denies Defendant's Motion to Dismiss Count One. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss Count One (Venue) is **denied**.

**DONE and ORDERED** in Chambers, in Tampa, Florida on this 9th day of June, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record