UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF
AMERICA,

v.                          CASE NO.  8:10-CR-89-T-17EAJ

DAVID HENRY WYSOCKI,
II.

_____/


ORDER

This cause is before the Court on:

Dkt. 105    Unopposed Motion for Bond Pending Appeal

    Defendant David Henry Wysocki, II has moved for bond pending appeal, pursuant to 18 U.S.C. Sec. 3143.  Defendant Wysocki argues that Defendant Wysocki is not likely to flee or pose a danger to the safety of the community.  Defendant Wysocki further argues that Defendant Wysocki's appeal is not for the purpose of delay, and raises a substantial question of law or fact likely to result in a reversal, a new trial, a non-prison sentence, or a reduced sentence of imprisonment less than the total of the time already served, and the expected duration of the appeal process.

    The Government does not oppose the Motion.

    In order to grant bail pending appeal, the Court must find:

        (1) that the defendant is not likely to flee
        or pose a danger to the safety of any other
        person or the community if released;

Case No. 8:10-CR-89-T-17EAJ

> (2) that the appeal is not for purpose of delay;
>
> (3) that the appeal raises a substantial question of law or fact; and
>
> (4) that if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed.

See U.S. v. Giancola, 754 F.2d 898 (11th Cir. 1985). A "substantial question" of law or fact is one that is a "close question, or one that could very well be decided the other way." Id. Whether a question is "substantial" is determined on a case-by-case basis.

I. Defendant's Motion

Defendant Wysocki argues that his appeal is not for the purpose of delay and raises a substantial question of law or fact. Defendant Wysocki's appeal is based on Defendant Wysocki's contention that the sentence imposed is unreasonable and imposed in violation of the Fifth Amendment to the U.S. Constitution.

Defendant Wysocki argues that the Court expressly condemned Defendant Wysocki for not showing concern for the other people on the plane exposed to Defendant Wysocki's conduct. Defendant Wysocki argues that the Court drew a negative inference from Defendant Wysocki's failure to dispute the fact that the passengers on the plane were frightened during the flight due to Defendant Wysocki's behavior. Defendant Wysocki contends that the Court penalized Defendant Wysocki for invoking his Fifth Amendment right not to testify and to possibly incriminate

2

Case No. 8:10-CR-89-T-17EAJ

himself.

II. Discussion

A. Substantial Question of Law or Fact

At the sentencing hearing, the Court heard evidence and ruled on the objections of the Government and Defendant. Defendant's counsel spoke on behalf of Defendant (Dkt. 101, Transcript, pp. 110-114). When the Court inquired of the Government as to aggravation or mitigation (p. 115, l. 13), the Government spoke, requesting a sentence of six months of incarceration, and emphasizing that crime charged took place in an airplane full of people during a flight (p. 115, l. 15-p. 120, l. 24). The Government argued: "The bottom line, Your Honor, is this defendant brutally attacked his pregnant wife on a plane full of people in mid-air, wouldn't sit down, was argumentative." (p. 120, l. 11-14). The Government argued that, while it was commendable that Defendant Wysocki has altered his conduct toward his wife, Defendant's conduct on the plane still needed to be punished.

Defendant Wysocki then spoke in allocution (p. 121, l. 10-p. 124, l. 17). In allocution, Defendant spoke about his own suffering, the suffering of Defendant's family, Defendant's attempt to escape his own pain by using alcohol, that alcohol is now out of Defendant's life and a loving family is in Defendant's life.

Defendant's counsel spoke in rebuttal, the Government raised an issue, and Defendant's counsel again spoke in rebuttal (pp.

Case No. 8:10-CR-89-T-17EAJ

124-125).

>   In pronouncing sentence, the Court stated:
>
>> Now, the one thing I did not hear from you, and you surprised me that you didn't even say anything about it, you didn't even say anything about the harm and fear you caused other people on the airplane.
>>
>> All you could think about was yourself. Your attack on your wife, on your unborn child, and all the other people on that plane were exposed to the upheaval and the disruption up in the air.
>>
>> Now, Miss Kaiser mentioned it. Do you have any idea what those people felt? The harm that you caused them. You talk about making corrections in your own life with regard to your wife and children. And your stepchildren. And all your trying to do. And that's all good. You should be doing that.
>>
>> But your disrespect for authority in the air endangered everybody on that plane. You endangered everybody on that plane. Who knows what could have happened once you took your act and disobeyed staying where you should have stayed after you did become upset with your wife. You would, could not, did not restrain yourself.
>>
>> That hasn't been that long ago. Your life is full of this inability on your part to stop yourself. That's why you were on pretrial I ordered anger management for you. You can't seem to keep yourself under control. And it's not the alcohol all the time. And you know it and I know it.
>>
>> All these other courts say suspend sentence, suspend sentence, suspend sentence. This

Case No. 8:10-CR-89-T-17EAJ

> Court is not going to suspend sentence.
> Normally on a plea I do not do this.
>
> But I do not perceive from you a genuine
> remorse for the endangerment you caused other
> people. And that's the way I see it with all
> due respect to the arguments that I have
> heard.

The Court's comments are not related to Defendant's decision not to testify in objection to factual statements in the PSR. Defendant Wysocki was offered the opportunity to testify, and chose not to. At the time of sentencing, the Court recognized Defendant Wysocki's Fifth Amendment privilege not to testify. The Court did not threaten to "hold it against" him, unlike Mitchell v. U.S., 526 U.S. 314, 319 (1999) and U.S. v. Rodriguez, 951 F.2d 193, 197-198 (11th Cir. 1992). The Court considered the evidence presented when ruling on the objections.

When speaking in allocution, Defendant Wysocki spoke about himself, his alcoholism, and about his own family. Defendant Wysocki apologized directly to his wife. However, it is beyond dispute that Defendant Wysocki and Amanda Wysocki were not alone on the plane. It is also undisputed that the plane landed without further incident, and the only victim of the crime identified is Amanda Wysocki. The only possible harm to the other passengers is subjective distress experienced by other passengers who witnessed the charged conduct, and subjective fear about what could have happened, rather than what did happen. Defendant Wysocki said nothing that hinted at any personal understanding that Defendant's assault on his wife during AirTran Flight Number 490 could have affected the passengers on the flight who witnessed it, or could have endangered the safety of

5

Case No. 8:10-CR-89-T-17EAJ

all passengers on that flight in any number of ways. Defendant Wysocki said what Defendant Wysocki wanted to say in allocution; the Court did not question him. In pronouncing sentence, the Court relied on the Court's own perception that Defendant Wysocki expressed no remorse for any harm to the other passengers, or any awareness of the safety risk posed by Defendant's conduct. Under 18 U.S.C. Sec. 1553, one factor the Court may consider in imposing sentence is the need to protect the public from further crimes by a defendant.

The Court concludes that Defendant's appeal does not present a substantial question of law or fact as required by 18 U.S.C. Sec. 3143. The sentence imposed was not based on inaccurate or disputed facts, or on Defendant's Wysocki's exercise of Defendant Wysocki's Fifth Amendment right not to testify during the evidentiary portion of the sentencing hearing. At sentencing, Defendant Wysocki expressed remorse to his own family. There were other passengers on the plane, but Defendant Wysocki expressed no remorse for any harm to them resulting from Defendant's conduct.

The Court further notes that the sentence imposed is not in excess of the statutory maximum, and the plea agreement contains a waiver of appeal, subject to the following limitations: 1) the sentence exceeds the guideline range determined by the Court; 2) the sentence exceeds the statutory maximum penalty; and 3) the sentence violates the Eighth Amendment

After consideration, the Court **denies** the Motion for Bond Pending Appeal. The Court finds that Defendant Wysocki is not likely to flee or pose a danger to the community, and that

Case No. 8:10-CR-89-T-17EAJ

Defendant's appeal is not filed for the purpose of delay. However, the Court finds that Defendant Wysocki's Motion raises no substantial question of law or fact which, if raised on appeal, is likely to result in a sentence that does not include a term of imprisonment, or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.  Accordingly, it is

   **ORDERED** that Defendant's Motion for Bond Pending Appeal (Dkt. 105) is **denied**.

   **DONE and ORDERED** in Chambers, in Tampa, Florida on this 2ND day of November, 2010.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record