UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                    CASE NO. 8:10-CR-89-T-17EAJ

DAVID HENRY WYSOCKI, II.

_____/

ORDER

This cause is before the Court on:

Dkt. 121   Motion to Dismiss Supervised Release
           Violation and Vacate Order of Supervised
           Release
Dkt. 123   Response
Dkt. 124   Reply

Defendant Wysocki moves the Court to vacate part of its sentencing Order that placed Defendant Wysocki on a term of Supervised Release, because Supervised Release is not a lawful term of his sentence. Defendant Wysocki also requests that the Court dismiss the pending Supervised Release violation. The basis of Defendant's Motion to Dismiss is 18 U.S.C. Sec. 3583.

The Court heard oral argument on June 1, 2011. The Court denied Defendant's Motion to Dismiss. Defendant Wysocki objected to the Court's denial of the Motion to Dismiss, which the Court overruled.

The Court conducted a sentencing hearing on October 18, 2010 (Dkt. 89), and a Judgment was entered thereafter (Dkt. 94). The Court granted Defendant Motion to Amend/Correct Sentence under Rule 35(a) (Dkt. 96), and entered an Amended Judgment (Dkt. 99).

Case No. 8:10-CR-89-T-17EAJ

In considering Defendant's Motion to Dismiss, the Court incorporates by reference all pleadings, all filings in the record, all evidence and argument made at sentencing, and all evidence and argument at the revocation proceeding.

Defendant Wysocki contends that a term of supervised release was imposed invalidly. Defendant Wysocki argued that, when Defendant's sentence was imposed, the parties and the Court erroneously presumed that supervised release would be available after a prison sentence. Supervision was identified as a contested issue for the first time when Defendant Wysocki filed Defendant's Motion to Dismiss.

A sentence is presumed valid until vacated under Sec. 2255. U.S. v. Almand, 992 F.2d 316, 317-318 (11th Cir. 1993). The Court notes that Defendant Wysocki filed an appeal after his sentence was imposed, but subsequently dismissed the appeal. Defendant's Motion to Dismiss is not a timely request to modify Defendant's sentence under Rule 35, and is not a request to modify sentence under Sec. 3582. Defendant's Motion to Dismiss is not brought under Sec. 2255.

After consideration, the Court denies Defendant's Motion to Dismiss for lack of jurisdiction. Defendant's sentence became final, and until Defendant's sentence is modified on appeal, or pursuant to a Sec. 2255 petition, Defendant's sentence remains a final judgment. Accordingly, it is

Case No. 8:10-CR-89-T-17EAJ

**ORDERED** that Defendant's Motion to Dismiss is **denied**.

**DONE AND ORDERED** in Chambers, in Tampa, Florida on this 6th day of June, 2011.



ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:
All parties and counsel of record